FILED

05/15/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0197

 ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0197

FILED

MAY 1 4 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

KASIDY ADAM MILLER,

Petitioner,

v.

ORDER

JIM SALMONSEN, WARDEN,
MONTANA STATE PRISON,

Respondent.

Through counsel, Kasidy Adam Miller has filed a Petition for Writ of Habeas Corpus, putting forth two reasons why his incarceration or restraint is illegal. He contends that the running of his sentences is incorrect and that he should be released because he has served a quarter of his time. Following this Court's April 4, 2024 Order, the Montana Department of Corrections (the Department or DOC) has filed a response, requesting denial of the Petition.

The Department provides Miller's detailed, chronological sentencing history, which we re-state here. Beginning in 2014, Miller was under DOC's supervision when the Yellowstone County District Court sentenced Miller to a three-year, suspended term to the DOC for felony criminal possession of dangerous drugs ("Yellowstone County sentence").[1] While on probation for his Yellowstone County sentence, the State charged Miller with misdemeanor criminal possession of drug paraphernalia and felony criminal possession of dangerous drugs in Fergus County. On June 12, 2015, the Fergus County District Court sentenced Miller to a six-month jail term for the misdemeanor and to a

---

[1] While not included in this Order, each District Court awarded credit for time served in its respective judgment for Miller. In later years, the courts also awarded credit for elapsed time, or street time, when appropriate. We have not included the numbers as those awards are not an issue before this Court.

five-year DOC term with two years suspended (Fergus County sentence). The court imposed a condition that Miller complete treatment at NEXUS and ran the sentences concurrently. The Fergus County District Court did not mention the Yellowstone County sentence.

The next month, on July 27, 2015, the Yellowstone County District Court held an evidentiary and dispositional hearing, following his new convictions. The District Court revoked the Yellowstone County sentence and imposed a DOC commitment of two years and 272 days, all suspended (Yellowstone County sentence upon revocation). The court ordered that the Yellowstone County sentence upon revocation would run consecutively to his Fergus County sentence.

After entering treatment in September 2015, Miller completed his treatment at NEXUS and a pre-release program on December 22, 2016. In April 2017, Miller returned to a treatment program in Butte for two months followed by placement in the Great Falls Transition Center for the next 200 days.

Following violations of his probationary term, the Fergus County District Court revoked his Fergus County sentence. Miller received a two-year, suspended term to the DOC on January 15, 2020 (first sentence upon revocation). On September 9, 2021, the Missoula County District Court sentenced Miller to the DOC for a suspended, three-year term for felony criminal possession of dangerous drugs (Missoula County sentence). The District Court ran the Missoula County sentence consecutively to any other sentence.

Within the month, Miller appeared in the Fergus County District Court for a hearing on the State's Petition to Revoke. On September 28, 2021, the Fergus County District Court revoked his suspended sentence and imposed a suspended, two-year term (second sentence upon revocation).[2]

The next year, on September 13, 2022, the State, through the Fergus County Attorney's Office, charged Miller with felony criminal possession of dangerous drugs and

---

[2] As an example regarding credit, the Fergus County District Court awarded jail time credit of 27 days and 240 days of street time credit.

2

two misdemeanors. In May 2023, the Fergus County District Court revoked Miller's sentence for a third time and re-imposed a suspended, two-year DOC commitment (third sentence upon revocation). At the end of the year, on December 14, 2023, Miller appeared for sentencing in the Fergus County District Court for the September 2022 charges. Miller received an unsuspended, two-year term to the Montana State Prison (MSP) for felony criminal possession of dangerous drugs (2023 prison sentence). (Emphasis added.) The District Court stated that: "this is a stand-alone sentence and does not run concurrently to any of [Miller's] other pending matters."

Earlier this year, Miller appeared again in the Fergus County District Court for a fourth revocation hearing. The District Court sentenced Miller to the DOC for an unsuspended, two-year term (fourth sentence upon revocation or 2024 prison sentence). (Emphasis added.) After awarding credit, the court stated that the term "shall expire on March 16, 2024." Miller then appeared in the Missoula County District Court for a pending revocation of his Missoula County sentence. The District Court dismissed the matter on February 14, 2024. Miller remained at the Missoula County Detention Facility until March 19, 2024, when he was placed at MSP to serve the 2023 prison sentence.

Miller asserts that, pursuant to § 46-22-101, MCA, he received a "factually invalid" sentence from the Fergus County District Court with the 2023 prison sentence because the term—"stand alone"—does not exist in Montana law. He adds that a sentence runs either consecutively or concurrently. In his Petition, Miller also references the 2024 prison sentence where the court stated that it would expire on March 16, 2024. Miller posits that he should serve his Missoula County sentence first and then go to prison. Miller also contends that he has served a quarter of the time on his 2023 prison sentence and that he should be paroled because he has a parole eligibility date.

The Department maintains denial of Miller's Petition and dismissal of this original proceeding. The Department explains that Miller received a facially valid judgment on December 14, 2023, wherein the court imposed a prison, or custodial sentence. The Department provides that while the court only stated that the 2023 prison sentence does not run concurrently, then the sentence must run consecutively. The Department adds that

3

an inmate must serve the custodial portion of a sentence before serving any probationary term, and here, Miller is serving the term for the 2023 prison sentence. The Department states that Miller is not entitled to release due to the date of his parole eligibility. As provided in its detailed history above, the Department states that Miller was not solely incarcerated for the last eighteen months. From September 8, 2023, Miller has been in treatment as well as in various county jails pending a revocation of a sentence. The Department reiterates that Miller arrived at MSP on March 19, 2024, and that he must be living in an assigned housing unit for 60 days as well as have 120 days of clear conduct before an appearance before the Board of Pardons and Parole (Board). Admin. R. M. 20.25.305(5)-(6) (2012).

We find the Department's arguments dispositive. Miller is lawfully incarcerated on a facially valid judgment. Montana law is clear. "Separate sentences for two or more offenses must run consecutively unless the court otherwise orders." Section 46-18-401(4), MCA. Regardless of the Fergus County District Court's terms, Miller's 2023 prison sentence runs consecutively. The sentence calculation also provides that the custodial terms will be served prior to any time on probation, *e.g.*, the Yellowstone County sentence upon revocation and the Missoula County sentence.

"Under both Montana and federal precedent, parole is a privilege and not a right." *McDermott v. McDonald*, 2001 MT 89, ¶ 19, 305 Mont. 166, 24 P.3d 200. As the Department explained, the parole eligibility date does not dictate release. Pursuant to §§ 46-23-202, and 46-23-208, MCA, the Board will "consider the prisoner's score under the parole guidelines" and the Department "shall make the prisoner available for a hearing before [the Board] [w]ithin the 2 months prior to a prisoner's official parole eligibility date or as soon after that date as possible[.]" Miller arrived after the parole eligibility date for his 2024 prison sentence, yet he has not spent enough time at MSP on his 2023 prison sentence for consideration. Miller will have an initial appearance before the Board to consider his release on parole. *McDermott*, ¶ 19.

Miller is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Miller's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record.

DATED this 14th day of May, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

5